UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSETH DAVID RIVAS-FONSECA,

Petitioner,

v. Case No.: 2:26-cv-02394-SPC-KRH

WARDEN OF GLADES COUNTY DETENTION CENTER *et al.*,

Respondents.
_________________________________/

**OPINION AND ORDER**

Before the Court are Joseth David Rivas-Fonseca's Motion to Alter or Amend Judgment Under Federal Rule of Civil Procedure 59(e) (Doc. 7) and the government's response (Doc. 9).

Rivas-Fonseca is a native of Honduras who is currently in immigration detention. He challenged the lawfulness of his detention in a habeas petition that asserted one ground—his detention violated the Fifth Amendment because his bond hearing was unfair. The Court denied the petition because 8 U.S.C. § 1226(e) strips the Court of jurisdiction to review an immigration judge's discretionary bond decision. Rivas-Fonseca now asks the Court to alter or amend its judgment. He argues the Court failed to resolve a second ground based on his warrantless arrest. But his petition did not raise that claim.

Rivas-Fonseca compares the result of his habeas action to *Cardona Fonseca v. Warden of Glades County Detention Center*, No. 2:26-cv-2393-SPC-NPM, 2026 WL 2592857 (M.D. Fla. Sept. 2, 2026). Cardona Fonseca and Rivas-Fonseca were arrested during the same incident, but their habeas petitions raised different claims, and the facts were materially different. The Court granted habeas relief to Cardona Fonseca because he was not in removal proceedings when he was detained. Unlike Cardona Fonseca, Rivas-Fonseca was issued a notice to appear in 2019, long before his arrest. The Court explained why the distinction is important in *Cardona Fonseca*:

> 8 C.F.R. § 1236.1(b) states, "At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the respondent may be arrested and taken into custody under the authority of Form I–200, Warrant of Arrest." (emphasis added). A notice to appear gives the alien notice of the alleged grounds for removability and commences the removal proceeding, in which the detainee can challenge both removal and detention. An alien arrested before issuance of a notice to appear has no notice of the underlying reason for the arrest or an opportunity to challenge it.

2026 WL 2592857, at *1.

In short, Rivas-Fonseca's habeas petition did not assert the claim he now raises. If Rivas-Fonseca wants to raise a habeas claim that was not pled and adjudicated in this case, he should file a new petition under a new case number. He cannot raise a new habeas claim in a post-judgment motion. Accordingly, Rivas-Fonseca's motion (Doc. 7) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on October 8, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties or Record